UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MAXILENE S. SUGGS, ) | Civil Action No.: 07-cv-3911-TLW-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| NORTH STRAND OB/GYN, P.C., ) | |
| CHRIS McCAULEY, M.D., and ) | |
| BRETON JUBERG, M.D., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## I.     INTRODUCTION

Plaintiff, who is proceeding pro se, alleges numerous claims of employment discrimination. Presently before the court is Defendants' Motion for Summary Judgment (Document # 34). Because Plaintiff is proceeding pro se, she was advised, pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendants' Motion for Summary Judgment could result in dismissal of her Complaint. Plaintiff timely filed her Response (Document # 34) on September 29, 2008. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## II.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff was employed by Defendant North Strand OB/GYN, P.C. (North Strand) from November of 1991 until March 22, 2007. Suggs Dep. at 9. Individual Defendants Chris S. McCauley, M.D., and Breton Juberg, M.D. are the principals of North Strand. Plaintiff worked in

many positions at North Strand, but primarily as a medical assistant. Id. at 9. Plaintiff finished high school but did not complete any additional education. Id. at 11. While employed with North Strand, Plaintiff signed a policy that outlined her duty to protect health information and to guard against unauthorized disclosures of health information. Ex. B to Defendants' Motion.

In December of 2006, North Strand received a complaint from a patient's husband alleging that Plaintiff had improperly released information regarding the patient's pregnancy. Suggs Dep. at 52; McCauley Dep. at 34; Juberg Dep. at 33, 38, 51. Plaintiff attached to her Complaint the sworn statement of Reba Lane Hardee in which she states, "[Tammy Floyd] told me that she was told that [Plaintiff] had told me that Tracy Ray was pregnant and that was against their privacy act. I told her that I did hear that Tracy Ray was pregnant, but [Plaintiff] did not tell me." Hardee Statement, attached to Plaintiff's Complaint. Plaintiff also attached to her Complaint the statement of Shanda D. Marlowe which states, "On the evening of Monday, December 4, 2006, I visited Reba Lane Hardee at Darlene's Hair and Nails for hairstyling services. During my time there, I did not hear [Plaintiff] speak of any patient matters." Marlowe Statement[1], attached to Plaintiff's Complaint.

In March of 2007, Plaintiff made a telephone call to a satellite office of North Strand inquiring about a patient's status. Suggs Dep. at 28-29. Plaintiff attached to her Complaint the sworn statement of the patient Plaintiff was attempting to check on with that phone call. The patient, Amanda Stanley, states that she has known Plaintiff for years, that Plaintiff called her at home to check on her, and that it did not bother her that Plaintiff called to check on her. Stanley Statement, attached to Plaintiff's Complaint. Plaintiff believes North Strand regarded her inquiry as a breach of patient confidentiality and the Health Insurance Portability and Accountability Act of 1996

---

[1]Ms. Marlowe's Statement is not a sworn statement.

(HIPAA). Id.

On March 22, 2007, North Strand discharged Plaintiff for her alleged violation of patient confidentiality, although North Strand also noted that, as an at-will employee, Plaintiff could have been fired without cause. Floyd Dep. at 21; Ex. C to Defendants' Motion.

In her deposition, Plaintiff specifically set forth the three causes of action she brings: (1) a claim under the Age Discrimination in Employment Act, based on her allegation that North Strand paid younger employees more than her; (2) a claim for sexual harassment under Title VII of the Civil Rights Act of 1964, based on the individual Defendants' alleged use of offensive language in the office; and (3) a claim of retaliatory discharge. Suggs Dep. at 60-61.

Plaintiff claims that four employees of North Strand that are younger than Plaintiff, Tonya Livingston, Violet Johnson, someone named "Kim," and Mary Haggard, were paid more than Plaintiff. Id. at 13-19. In her deposition, Plaintiff admitted that she has no idea how much any of these employees are paid and she can only guess at their ages. Id. Plaintiff also admitted that she had no evidence to rely on in support of her claim other than her suspicion. Id. at 21.

Tammy Floyd, office manager at North Strand, submitted an attachment to her affidavit in which she indicates that, as of December 2006, the comparative rates of pay were as follows:

- Maxilene Suggs    $11.80/hour
- Tonya Livingston  $10.30/hour
- Violet Johnson    $10.30/hour
- Kimberly Stanley  $13.25/hour
- Mary Hager        $11.00/hour

Ex. D to Defendants' Motion. Ms. Floyd avers that the only employee named by Plaintiff who was paid more than her, Kimberly Stanley, received a higher wage rate than Plaintiff because of her experience as an OR Tech, because the duties she performs are different than the duties Plaintiff

performed, and because she has earned an Associate's Degree in medical assisting and Plaintiff has no formal education beyond high school. Floyd Aff. at ¶ 7.

Plaintiff's claim of sexual harassment arises from her assertion that Dr. McCauley would refer to female patients as "bitches" when he was overworked, which occurred at least every two weeks. Plaintiff Dep. at 30-31. Plaintiff also asserts that Dr. Juberg stated several times in her presence that he was the "MFIC" which is "mother fucker in charge." Id. at 32. Plaintiff told Dr. Juberg that she did not want to hear that language, and she testified that she heard him say it only one time after she told him. Id. at 39.

Finally, Plaintiff claims that her discharge was unlawful because it was some sort of retaliation on the part of Defendants. Id. at 25. Plaintiff appears to allege that Defendants retaliated against her for her March 2007 phone call to the Seacoast office, the satellite office, to check on the status of a patient. Id. at 28-29.

Plaintiff filed a complaint with the South Carolina Human Affairs Commission on March 29, 2007. On September 5, 2007, Plaintiff received a Dismissal and Notice of Suit Rights from the Equal Employment Opportunity Commission. Plaintiff timely filed this action on December 5, 2007.

### III. STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material

element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

Rule 56(e) provides, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." See also Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). To raise a genuine issue of material fact, a party may not rest upon the mere allegations or denials of his pleadings. Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322. See also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

IV.    DISCUSSION

    A.    ADEA Claim

The ADEA provides as follows:

> It shall be unlawful for an employer –
>
> (1) to fail to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

29 U.S.C. §623(a). The Act defines "employer" as " a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."

In Tammy Floyd's Affidavit and in her deposition, she avers that North Strand employed fewer than 20 employees in 2005, 2006, and 2007. Floyd Aff. at ¶¶ 2-5; Floyd Dep. at 47-48; see also payroll records attached to Floyd's Aff. Plaintiff does not dispute the fact that North Strand employed less than 20 employees in 2005, 2006, and 2007. Accordingly, all claims made by Plaintiff under the ADEA should be dismissed.[2]

---

[2] Even if North Strand did fall within the ADEA's definition of "employer," summary judgment would still be appropriate because Plaintiff has failed to offer evidence sufficient to create a prima facie case of unequal pay. As Plaintiff stated in her deposition, her ADEA claim is based on her allegation that younger employees were paid more than she was. To establish a prima facie case for an unequal pay claim under the ADEA, Plaintiff must demonstrate (1) that she was a member of a protected age group and (2) that the job she occupied was similar to higher paying jobs occupied by others outside the protected age group. See Brinkley-Obu v. Hughes Training, Inc., 36 F.3d 336, 343 (4th Cir. 2004) (setting forth prima facie requirements for an unequal pay claim under Title VII); Oscar Mayer & Co. v. Evans, 441 U.S. 750, 755-56, 99 S.Ct. 2066, 2071-72, 60 L.Ed.2d 609 (1979) (noting the similarities between the two statutes and relying on Title VII to interpret ADEA). Plaintiff has failed to present evidence that the job she occupied was similar to the job occupied by Kim Stanley, the only employee named by Plaintiff who was paid more than Plaintiff. Thus, she fails to establish a prima facie case of unequal pay.

    In her Response to the Motion for Summary Judgment, Plaintiff mentions for the first time that her position was filled with a younger employee. However, the record is void of any evidence

### B.     Harassment Claim Under Title VII

To state a prima facie case for a sexually hostile work environment, Plaintiff must show (1) that she was harassed because of her sex; (2) that the harassment was unwelcome; (3) that the harassment was sufficiently severe or pervasive to create an abusive working environment; and (4) that some basis exists for imputing liability to the employer. Hartsell v. Duplex Prods., Inc., 123 F.3d 766, 772 (4th Cir.).

Plaintiff brings this claim based on Dr. McCauley's use of the word "bitches" to refer to female patients, and Dr. Juberg's use of the phrase "mother fucker in charge."[3] Plaintiff does not allege or present any evidence that the use of this offensive language was directed towards her, and, thus, cannot establish that she was harassed because of her sex. However, even if the doctors' language was directed at her, "Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at 'discriminat [ion] ... because of ... sex.'" Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 80 (1998). Workplace harassment is not automatically discrimination because of sex merely because the words used have sexual content or connotations.

---

regarding this younger employee's age and, thus, Plaintiff fails to establish a prima facie case of termination in violation of the ADEA. See O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996) (setting forth the requirements for a prima facie case of termination in violation of the ADEA).

[3]Plaintiff also mentions that she was harassed by Violet Johnson and Jamie Turner because they would do things that would interfere with her daily duties. See Plaintiff's Response to Motion for Summary Judgment (Document # 44). In the Questionnaire she completed for the South Carolina Human Affairs Commission, Plaintiff alleges that Violet Johnson refused to work with her, stood over her while she was performing her duties and displayed an unprofessional manner in front of patients towards her. See SCHAC Questionnaire (attached to Complaint). She alleges that Jamie Turner would bring breakfast for all the employees except her. Id. Plaintiff does not claim that this harassment was based on sex. Furthermore, these actions of these employees were not sufficiently severe or pervasive to create an abusive work environment.

Id.

Furthermore, the doctors' use of offensive language in Plaintiff's presence is not sufficiently severe or pervasive to create an abusive work environment. To qualify as severe and pervasive for purposes of Title VII, the harassment must be objectively and subjectively severe or pervasive as to alter the conditions of plaintiff's employment and render the workplace abusive. Faragher v. City of Boca Raton, 524 U.S. 775, 786 (1998); Hartsell v. Duplex Products, 123 F.3d 766, 773 (4th Cir. 1997). The Fourth Circuit has utilized a four factor approach to evaluate the totality of the circumstances in determining whether conduct is severe or pervasive: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it was physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interfered with plaintiff's work performance. Connor v. Schrader Bridgeport Int'l, Inc., 227 F.3d 179, 193 (4th Cir. 2000).

The incidents about which Plaintiff complains describe, at most, a "limited number of incidents that are more reflective of run of the mill uncouth behavior than an atmosphere permeated with discriminatory ridicule and insult." Racicot v. Wal-Mart Stores, Inc., 414 F.3d 675, 678 (7th Cir. 2005). As the Fourth Circuit has observed, "Title VII is not a federal guarantee of refinement and sophistication in the workplace." Hartsell, 123 F.3d at 773. Plaintiff has failed to present sufficient evidence to establish a prima facie case of a sexually hostile work environment, and thus, summary judgment is appropriate.[4]

---

[4] To the extent Plaintiff has asserted a claim under the ADEA or Title VII against the individual Defendants, summary judgment is appropriate on those claims as well as neither the ADEA nor Title VII provide for individual liability. See Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994) (ADEA); Lissau v. Southern Food Service, Inc., 159 F.3d 177, 181 (4th Cir. 1998) (Title VII).

    **C.**    **Retaliation Claim**

Plaintiff's final claim is unclear. She asserts that her discharge was in retaliation for her call to the Seacoast office to check on a patient. To the extent Plaintiff is asserting a claim for retaliation under Title VII or the ADEA, Plaintiff's claim must fail. To prove a claim for retaliation under Title VII or the ADEA, a plaintiff must show (1) she engaged in protected activity, (2) the employer took adverse employment action against her, and (3) a causal connection existed between the protected activity and the adverse action. Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir. 1985); Laber v. Harvey, 438 F.3d 404, 432 (4th Cir. 2006). To establish "protected activity," Plaintiff must show that she opposed an unlawful employment practice which she reasonably believed had occurred or was occurring. Bigge v. Albertsons, Inc., 894 F.2d 1497, 1503 (11th Cir.1990); see also Ross, 759 F.2d at 355 n. 1. Plaintiff's call to the Seacoast office was not in opposition to an unlawful employment practice, and Plaintiff has presented no other evidence that she opposed an unlawful employment practice. Thus, her claim of retaliation must fail.

Plaintiff also makes a statement in her deposition that her discharge was in violation of HIPAA. HIPAA provides no private right of action. Hopkins v. Bethea, C.A. No. 3:06-3467-MBS-JRM, 2007 WL 1231652, at *5 (D.S.C. April 23, 2007). Thus, any such claim must be dismissed.

Plaintiff emphasizes throughout her deposition and in her Response to Defendants' Motion for Summary Judgment that she did not violate HIPAA. To the extent Plaintiff is arguing that Defendants' reason for firing her, that is, their claim that she violated HIPAA, is actually pretext for a discriminatory reason, she has failed to put forth sufficient evidence to establish how Defendants discriminated against her and on what basis, i.e., sex, gender, age, or disability, they discriminated

against her. Furthermore, it is undisputed that Defendants received a call from a patient's husband complaining that Plaintiff disclosed personal health information about his wife. Whether Defendants' reason for Plaintiff's termination was wise, fair, or even correct is not the issue. Hawkins v. Pepsico, 203 F.3d 274, 279 (4th Cir. 2000) (quoting DeJarnette v. Corning, Inc., 133 F.3d 293, 299 (4th Cir. 1998) ("[T]his Court does not sit as a kind of super-personnel department weighing the prudence of employment decisions made by firms charged with employment discrimination ...." (internal quotation marks omitted))); Jiminez v. Mary Washington College, 57 F.3d 369, 377 (4th Cir.1995) ("Title VII is not a vehicle for substituting the judgment of a court for that of the employer"). The ultimate burden of proving that the adverse employment action was based on discrimination on the basis of some protected trait remains at all times with Plaintiff. Plaintiff has failed to meet that burden.

Finally, to the extent Plaintiff is asserting a state law claim for wrongful termination, it is recommended that the district judge decline to exercise jurisdiction over that claim. If the district judge accepts this Report and Recommendation, then the original federal jurisdiction claims will be dismissed. Title 28 U.S.C. § 1367(c)(3) provides, in pertinent part, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." The Fourth Circuit has recognized that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir.1995) (holding district court did not abuse its discretion in declining to retain jurisdiction over the state law claims). See also, e.g., United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726-27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Revene v. Charles County Comm'rs, 882 F.2d 870, 875 (4th Cir.1989).

Therefore, the undersigned recommends that the district judge decline to retain jurisdiction over any state law claims for wrongful termination.

## V.     CONCLUSION

For the reasons set forth above, it is recommended that Defendant's Motion for Summary Judgment (Document # 34) be granted as to the federal claims asserted by Plaintiff and that the court decline to exercise jurisdiction over the state law claims.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

November 21, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the following page.**